■ EDGARDO H. LINARES, Appellant, v NAPOLEAN V. SUAREZ et al., Respondents. [51 NYS3d 429]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated January 12, 2015, which granted the defendants' motion, in effect, for summary judgment dismissing the first cause of action asserted in the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion, in effect, for summary judgment dismissing the first cause of action asserted in the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent conse-

quential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion, in effect, for summary judgment dismissing the first cause of action asserted in the complaint. Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.